**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30076 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00011-RRB-1 |
| v. | |
| LEE BAKER, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted June 4, 2014
Anchorage, Alaska

Before: WALLACE, WARDLAW, and CHRISTEN, Circuit Judges.

By separate order issued today, we direct the parties to file a notice advising

whether they wish to have an opportunity to settle on an appropriate restitution

amount, either on their own or through the assistance of a mediator. In the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

meantime, the panel issues this partial memorandum disposition resolving one issue presented on appeal.

Baker argues that the district court erred by ordering him to pay restitution to CUMIS Insurance Society ("CUMIS"). "A restitution order is reviewed for an abuse of discretion, provided that it is within the bounds of the statutory framework." *United States v. Marks*, 530 F.3d 799, 811 (9th Cir. 2008) (internal quotation marks omitted). Baker's argument fails because the Mandatory Victim Restoration Act of 1996 specifically addresses restitution for insurers by providing:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any compensation is paid to such a provider of compensation.

18 U.S.C. § 3664(j)(1). The statute is clear that the district court is required to order that Baker pay CUMIS for part of the loss. The district court did not abuse its discretion by ordering Baker to pay CUMIS.

We decline, for now, to reach the parties' other issues.

The district court's order is **AFFIRMED IN PART**. We retain jurisdiction over this appeal.